**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| **Plaintiff** | : | **No. 1:16-cv-02535** |
| | : | |
| **v.** | : | **(Judge Kane)** |
| | : | |
| **GRANT F. BEITLER,** | : | |
| **Defendant** | : | |

## ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On December 23, 2016, Plaintiff United States of America, on behalf of the United States Department of Agriculture's Rural Housing Service ("RHS"), filed a complaint against Defendant Grant F. Beitler, alleging that Defendant defaulted on a promissory note and a mortgage.  (Doc. No. 1 ¶ 8.)  According to the complaint, on July 23, 2008, RHS loaned Defendant $118,000.00 under Title V of the Housing Act of 1949, 42 U.S.C. § 1471, et seq.  (Id. ¶ 3.)  Defendant later executed a promissory note and mortgage on a property at 847 Blosser Street in Millersburg, Pennsylvania ("Millersburg property"), to secure Plaintiff against loss from the loan.  (Id. ¶¶ 4-5, 7.)  The note and mortgage are now allegedly in default because Defendant failed to "pay the installments of principal and interest when due."  (Id. ¶ 8.)  Plaintiff seeks to declare an amount of $154,987.96 as immediately due and demands that Defendant be "barred and foreclosed of all rights" in the mortgaged Millersburg property.  (Id. ¶ 9-10.)  Defendant was served a copy of the complaint on March 6, 2017, at 1613 Elm Street, New Cumberland, Pennsylvania 17070-1220 ("New Cumberland property"), after Plaintiff initially attempted service of the complaint at the Millersburg property and the process server advised that the property was vacant.  (Doc. No. 12 ¶¶ 2-3.)

1

On March 29, 2017, Plaintiff filed a request and motion for entry of default after Defendant failed to answer the complaint or otherwise plead or defend within twenty-one days from receipt of service.  (Doc. Nos. 4-5.)  On March 30, 2017, the Clerk of Court entered default against Defendant.  (Doc. No. 8.)  Then, on May 31, 2017, this Court granted Plaintiff's motion for default judgment and entered a judgment in favor of Plaintiff in the amount of $154,987.96 plus interest at the rate of $16.45 per day.  (Doc. Nos. 10-11.)  This Court ordered the Millersburg property to be sold pursuant to 28 U.S.C. § 2001.  (Doc. No. 10 ¶ 4.)

On September 11, 2017, Plaintiff filed a motion for service pursuant to Federal Rule of Civil Procedure 4(e)(1).  (Doc. No. 12.)  Specifically, Plaintiff moves the Court for an Order directing service by:

> [P]osting a copy of the Notice of U.S. Marshall [sic] Sale on the property to be foreclosed and by mailing a copy of the Notice of US Marshall Sale by certified mail and regular mail to the mortgaged property and to the Defendant's mortgaged property and last known address, 847 Blosser Street Millersburg, PA 17061, in accordance with the law of the State of Pennsylvania, Pennsylvania Rule of Civil Procedure 430(a) and Pennsylvania Rule of Civil Procedure 410(c)(2).

(Id. at 1.)  Plaintiff asserts that: (1) "Defendants [sic] cannot be found within the Middle District of Pennsylvania and his whereabouts are unknown and as a result, the Plaintiff has been unable to personally serve the Defendant with the Notice of US Marshal Sale;" (2)  Plaintiff attempted to personally serve Defendant at the New Cumberland property, where Defendant accepted service of the summons and complaint, but the resident was uncooperative and refused to accept service; and (3)  Plaintiff thereafter made a good faith effort to locate Defendant but to no avail. (Id. ¶¶ 5-8.)

Federal Rule of Civil Procedure 4(e)(1) provides that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Fed. R. Civ. P. 4(e)(1).

Here, in its motion for service, Plaintiff cites Pennsylvania Rules of Civil Procedure 410(c)(2) and 430(a) as the basis for effectuating the requested service upon Defendant.  (Doc. No. 12 at 1.)  Pennsylvania Rule of Civil Procedure 430(a) provides that:

> If service cannot be made under the applicable rule the plaintiff may move the court for a special order directing the method of service. The motion shall be accompanied by an affidavit stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made.

Pa. R.C.P. No. 430(a).  Pennsylvania Rule of Civil Procedure 410(c)(2) states that, "[i]f service is made pursuant to an order of court under Rule 430(a), the court shall direct one or more of the following methods of service . . . [including] posting a copy of the original process on the most public part of the property."  Pa. R.C.P. No. 430(c)(2).

"Service by special order is an extraordinary measure that is appropriate only after all other methods of service available under the rules have been exhausted."  Countrywide Home Loans, Inc. v. Stringer, No. 07-2072, 2008 WL 3853239, at *2 (M.D. Pa. Aug. 15, 2008) (Vanaskie, J.) (collecting cases).  Plaintiff bears the burden of showing: "(1) an unsuccessful attempt to properly serve the defendant; (2) a good faith effort to locate the defendant; and, (3) a method of alternative service that is reasonably calculated to give actual notice to the defendant." Id.  Pennsylvania Rule of Civil Procedure 430(a) offers the following illustrations of a "good faith effort to locate the defendant":

> (1) inquiries of postal authorities including inquiries pursuant to the Freedom of Information Act, 39 C.F.R. Part 265, (2) inquiries of relatives, neighbors, friends, and employers of the defendant, (3) examinations of local telephone directories, courthouse records, voter registration records, local tax records, and motor vehicle records, and (4) a reasonable internet search.

Pa. R.C.P. No. 430.  However, "[a]lternative service is only appropriate when service 'cannot be made' under the applicable Rule, and only as a last resort."  Grove v. Guilfoyle, 222 F.R.D. 255, 257 (E.D. Pa. 2004).

Here, although Plaintiff seemingly made an unsuccessful attempt to properly serve Defendant, Plaintiff has not demonstrated a good faith effort to locate Defendant.  Plaintiff states that in order to locate Defendant, it inquired with postal authorities, filed inquiries pursuant to the Freedom of Information Act, reviewed local telephone directories, and queried "Voters Registration" as well as the "Board of Assessments."  (Doc. No. 12 ¶ 8.)   Plaintiff also submitted an affidavit stating that four calls were made to "possible relative[s]" of Defendant and one call was made to a "possible neighbor," and that searches for additional information regarding Defendant on Facebook, LinkedIn, and Google proved unfruitful.  (Doc. No. 12-3 at 4.)  The affidavit also indicates that four calls were made to "possible number[s] of defendant," and messages were left twice.  (Doc. No. 12-3 at 5.)  Despite the varied efforts made in locating Defendant, the Court is unpersuaded that "all other methods of service available under the rules have been exhausted."  Stringer, 2008 WL 3853239, at *2.

Specifically, the affidavit does not state whether an inquiry into tax records or voter registration records was made to locate Defendant.  Furthermore, the affidavit indicates that a creditor header inquiry revealed that Defendant's last known address was 438 Market Street, Lemoyne, Pennsylvania, but the affidavit does not specify whether Plaintiff visited this address and questioned neighbors in an attempt to locate Defendant.  (Doc. No. 12-3 at 4.)  There is also no indication that Plaintiff tried contacting the New Cumberland property after the process server was turned away from this property once.  (Id. at 3.)  Plaintiff also claims to have called four "possible relative[s]" of Defendant, but never left messages, and the affidavit does not state whether Plaintiff attempted to contact Defendant's brother, who was mentioned by a neighbor. (Id. at 4.)  See United States v. Kline, No. 4:17-cv-00200, 2017 WL 2080237, at *2 (M.D. Pa. May 15, 2017) (denying motion for alternate service because the plaintiff had "not properly

exhausted inquiry of Defendant's relatives, neighbors, and friends").  Finally, while Plaintiff called "possible number[s] of [D]efendant" and left messages, the affidavit does not indicate that the number was confirmed to be Defendant's or that the number was called at different times throughout the day.  (Id.)  United States v. Coleman, No. 4:16-cv-01695, 2017 WL 2080205, at *2 (M.D. Pa. May 15, 2017) (denying motion for alternate service because, in part, the plaintiff failed to call a confirmed telephone number more than once and at different hours).  Therefore, Plaintiff has failed to meet its burden of showing a good faith effort to locate Defendant.

Moreover, Plaintiff moves to post and mail the Notice of Sale to Defendant at the Millersburg property, even though Plaintiff also claims that this property is vacant and that Plaintiff has not resided there for over a year.  (Doc. No. 12-3 at 1, 4.)  Therefore, this form of notice is not reasonably calculated to notify Defendant of the sale of the Millersburg property. See Coleman, 2017 WL 2080205, at *2 n.23 ("[G]iven that Plaintiff's prior efforts to effectuate service have revealed that the subject property has been abandoned, posting and mailing service to that property is not reasonably calculated to provide the defendant with notice of the proceedings.").  In sum, the Court finds that Plaintiff has not sufficiently demonstrated that "all other methods of service available under the rules have been exhausted" or that the "extraordinary measure" of service by special order is warranted under the circumstances.  See Stringer, 2008 WL 3853239, at *2.

ACCORDINGLY, on this 22nd day of November 2017, **IT IS ORDERED THAT** Plaintiff's motion for service (Doc. No. 12), is **DENIED WITHOUT PREJUDICE**.  Plaintiff may renew its motion for service within thirty (30) days of the date of this Order.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania